Ben Crittenden
Law Office of Ben Crittenden, P.C.
750 W. 2nd Ave., Suite 200
Anchorage, AK 99501
P: (907) 771-9002
F: (907) 771-9001
Email: ben@crittendenlawoffice.com

Attorneys for Plaintiffs ESTATE OF KELLY MICHAEL STEPHENS, et al.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KEVIN STEPHENS, individually and as personal representative of the ESTATE OF KELLY MICHAEL STEPHENS; VIRGINIA STEPHENS, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>ED MERCER, in his personal and official capacity as Chief of Police; JAMES ESBENSHADE, an individual; CITY AND BOROUGH OF JUNEAU, a municipality; and DOES 1 through 100, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 1:20-CV-<br><br>**COMPLAINT FOR:**<br><br>**(1) DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FOURTH AMENDMENT);**<br><br>**(2) DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FOURTEENTH AMENDMENT);**<br><br>**(3) DEPRIVATION OF CIVIL RIGGHTS UNDER 42 U.S.C. § 1983 (*MONELL*);**<br><br>**(4) DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (SUPERVISORY LIABILITY);**<br><br>**(5) ASSAULT AND BATTERY --** SURVIVAL **ACTION (AS 09.55.570);**<br><br>**(6) NEGLIGNCE --** SURVIVAL **ACTION (AS 09.55.570); AND**<br><br>**(7) WRONGFUL DEATH (AS. 09.55.58)**<br><br>**DEMAND FOR JURY TRIAL** |

## THE PARTIES

1.　　This action is brought by Plaintiff KEVIN STEPHENS, individually and as the

Personal Representative of the ESTATE OF KELLY MICHAEL STEPHENS, and VIRGINIA STEPHENS, individually. KELLY STEPHENS is referred to as the "Decedent". The parties are collectively referred to as "Plaintiffs."

2. Plaintiffs KEVIN STEPHENS and VIRGINIA STEPHENS are the biological father and mother of the Decedent. Plaintiffs are in the process of requesting that KEVIN STEPHENS be appointed to serve as the Personal Representative of the ESTATE OF KELLY MICHAEL STEPHENS by the Superior Court for the State of Alaska at Juneau in Case Number 1JU-20-00159 PR. Plaintiffs are informed and believe that KEVIN STEPHENS will be so appointed.

3. Defendant ED MERCER ("MERCER") is, and was at all times herein alleged, the Chief of Police for the Juneau Police Department. Defendant MERCER is sued in his individual and official capacities. Upon information and belief, Defendant MERCER resides in the City and Borough of Juneau.

4. Defendant JAMES ESBENSHADE ("ESBENSHADE") is, and was at all times herein alleged, a Police Officer with the Juneau Police Department. Upon information and belief, Defendant ESBENSHADE resides in the City and Borough of Juneau.

5. Defendant CITY AND BOROUGH OF JUNEAU ("CITY") is a municipality located in the City and Borough of Juneau. The Juneau Police Department is an agency of the CITY, a municipality, and is responsible for the actions of its officers.

6. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants is responsible in some manner for the occurrences alleged herein and each DOE Defendant was a substantial factor in causing injury and damages proximately thereby to Decedent and Plaintiffs, as herein alleged.

## JURISDICTION AND VENUE

7. This is a civil suit brought under the Civil Rights Act, 42 U.SC. § 1983, for violations of Plaintiffs' rights under the United States Constitution. This Court has subject matter jurisdiction

over the parties and this action pursuant to 28 U.S.C. § 1343(a)(3) and 28 U.S.C. § 1331. It has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 and principles of pendent jurisdiction.

8. This suit seeks compensatory and punitive damages against all Defendants as permitted by law. In addition, this suit seeks all other relief as deemed appropriate at the time of trial, including, but not limited to, injunctive relief.

9. Venue is proper in this Court because the events or omissions that gave rise to the causes of action herein occurred in the City and Borough of Juneau, Alaska, within the District of Alaska.

**FACTS**

10. Decedent was 34 years old at the time of his death. He was an intelligent, kind, thoughtful and creative person. Decedent was well known within the community as a prominent tattoo artist, and was affectionately known by his friends as "rabbit."

11. Just prior to the incident, Decedent had gone out for a walk with his puppy, heading down Cinema Drive and was carrying a dog leash.

12. Unbeknownst to Decedent, there was an unrelated 9-1-1 call from a woman at approximately 9:28 a.m., reporting that she had heard yelling and a gunshot on Cinema Drive.

13. Plaintiffs are informed and believe and thereon state that Defendant ESBENSHADE was responding to that 9-1-1 call at the time the events occurred, giving rise to this action.

14. At all times relevant hereto, Decedent was unarmed. The only items he had with his person was the leash for his dog.

15. At no time did Decedent present any threat to the life of Defendant ESBENSHADE. At no time did Decedent present any threat to the life of another innocent party. At no time did Decedent pose a dangerous threat to others.

16. Despite this, Defendant ESBENSHADE shot and killed Decedent. Shortly thereafter, Decedent was pronounced dead.

17. Defendants have admitted having video of the incident, but have failed to release the

video.

18. Plaintiffs are informed and believe and thereon state that despite Defendant ESBENSHADE's actions, the Juneau Police Department did not discipline Defendant ESBENSHADE and in fact put Defendant ESBENSHADE back in the streets.

19. Plaintiffs are informed and believe and thereon state that Defendant ESBENSHADE acted with a reckless disregard of Decedent's life. Plaintiffs are further informed and believe and thereon state that Defendant ESBENSHADE did so, knowing the custom and practice of the Juneau Police Department covering for its officers and that he would get away with the killing.

## FIRST CAUSE OF ACTION

**Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Fourth Amendment)**

***(By plaintiff Kevin Stephens as the and personal representatives of the Estate of Kelly Stephens and as decedent's successor in interest, against Esbenshade)***

20. Plaintiffs reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

21. This cause of action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

22. Plaintiff KEVIN STEPHENS as personal representatives of the estate of Decedent and as the successor of Decedent, has standing to assert a claim for Decedent's pre-death damages.

23. Defendant ESBENSHADE shot and killed Decedent. Shooting a weapon is the use of deadly force. Plaintiffs allege that deadly force was not warranted: Decedent did not have a weapon and was not threatening Defendant ESBENSHADE, or anyone else, with deadly force.

24. In the process, Defendant ESBENSHADE violated Decedent's right to be free from excessive force as secured by the Fourth and Fourteenth Amendments.

25. Defendant ESBENSHADE acted under color of law and within the course and scope of his employment with the CITY and the Juneau Police Department in deploying excessive force against Decedent.

26. Defendant ESBENSHADE's actions directly and proximately caused injury to

Decedent, as he was mortally wounded and endured pain and suffering in the time before he died.

27. As a result of Defendant ESBENSHADE's actions, Plaintiffs are entitled to damages in an amount to be proven at trial for Decedent's pain and suffering in the time before he died.

28. Defendant ESBENSHADE acted in knowing violation of Decedent's legal and constitutional rights and without good faith, so punitive damages are warranted.

## SECOND CAUSE OF ACTION

### Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Fourteenth Amendment)

### (*By Plaintiffs Kevin Stephens and Virginia Stephens against Esbenshade*)

29. Plaintiffs reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

30. This cause of action is brought pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution.

31. Defendant ESBENSHADE shot and killed Decedent. Shooting a weapon is the use of deadly force. Plaintiffs allege that deadly force was not warranted: Decedent did not have a weapon and was not threatening Defendant ESBENSHADE, or anyone else, with deadly force.

32. In the process, Defendant ESBENSHADE violated Plaintiffs' liberty interest in the companionship of their child and son, a right secured by the Fourteenth Amendment.

33. Defendant ESBENSHADE acted under color of law and within the course and scope of his employment with the CITY AND BOROUGH OF JUNEAU and the Juneau Police Department in deploying excessive force against Decedent.

34. Defendant ESBENSHADE's actions directly and proximately caused injury to the Plaintiffs, as the shooting killed Decedent and deprived Plaintiffs of the companionship of their child and son.

35. As a result of Defendant ESBENSHADE's actions, Plaintiffs are entitled to damages in an amount to be proven at trial.

36. Defendant ESBENSHADE acted in knowing violation of the Plaintiffs' legal and constitutional rights and without good faith, so punitive damages are warranted.

## THIRD CAUSE OF ACTION

### Deprivation of Civil Rights Under 42 U.S.C. § 1983 (*Monell*)

### (*By Kevin Stephens and Virginia Stephens against Mercer and the City*)

37. Plaintiffs reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

38. This custom, policy and practice of deficient use of force investigations is entrenched in the Juneau Police Department. It is part of the Code of Silence: police officers cover-up for each other, lie to the public and fail to investigate properly. This de facto policy, custom and practice has created an environment in which police officers can act with impunity and where using excessive force is commonplace and encouraged. Officers know the process is deficient and that they will not be held accountable. The Juneau Police Departments deficient investigation procedure is an unconstitutional policy, custom and practice under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).

39. The Juneau Police Department's deficient investigation procedure was a direct cause of Decedent's death. Based on his experience with the Juneau Police Department, Defendant MERCER knew that any use of force investigation would be a whitewash. No matter how unreasonably he acted, Defendant MERCER could concoct a story and the investigators would rubber-stamp it.

40. As an actual and proximate result of the Juneau Police Department's unconstitutional custom, policy and practice, as alleged herein, Decedent was killed and the Plaintiffs were deprived of the companionship and support of their son.

41. Therefore, Plaintiffs are entitled to damages in an amount to be proven at trial, as well as injunctive relief and a declaration that the Juneau Police Department's use of force investigation procedures are unconstitutional.

## FOURTH CAUSE OF ACTION

### Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Supervisory Liability)

### (*By Kevin Stephens and Virginia Stephens against Mercer*)

42. Plaintiffs reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

43. Chief MERCER has been responsible supervising the Juneau Police Department's use of force investigations, including the investigation of Decedent's shooting.

44. Chief MERCER knew that the Juneau Police Department's force investigation procedure was deficient, a whitewash designed to exonerate the officers. He also knew that it had become so entrenched that it created an environment that actually encourages officers to violate the law.

45. The force investigation process is still a sham, designed to attack the victim, exonerate the officers and cover-up the truth. The officers also know it, so they do not follow the law. That is what happened with Officer ESBENSHADE, as alleged herein.

46. Chief MERCER acted under color of law in supervising the Juneau Police Department's force investigation procedures, including the investigation of Decedent's shooting.

47. The acts of Chief MERCER's subordinates, who conducted the sham use of "investigations," deprived Plaintiffs of their constitutional rights, as alleged herein.

48. Chief MERCER knew, or reasonably should have known, that his subordinates were engaging in deficient and unconstitutional "investigations" and that the sham investigations actually encouraged officers to violate the law, leading to unjustified shootings like Decedent's. He condoned, ratified and encouraged his subordinates to continue approving and covering-up potential misconduct, and thus encouraged the rank-and-file to continue violating the law. She showed reckless and callous disregard for the rights of others. As a result, more people have been injured and killed by unlawful police action, including Decedent.

49. As a result of Chief MERCER's actions, as alleged herein, Plaintiffs are entitled to damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**(Assault and Battery -- Survival Action -- AS 09.55.570)**

***(By plaintiff Kevin Stephens as the and personal representatives of the Estate of Kelly***

*Stephens and as decedent's successor in interest, against Esbenshade and the City*)

50. Plaintiffs reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

51. As an actual and proximate result of Defendant ESBENSHADE's wrongful acts, conducted without due care in the execution and enforcement of the law, Decedent was placed in great fear for his life and physical well-being.

52. As an actual and proximate result of Defendant ESBENSHADE's wrongful acts, Decedent suffered physical pain and suffering before he died, in an amount that will be proven at trial and in excess of the jurisdictional amount required by this Court. As Decedent's personal representatives and successors-in-interest representing the Estate, they are entitled to claim damages for all categories of loss allowed under AS 09.55.570.

53. Defendant ESBENSHADE's actions, as alleged above, were intended to cause injury to Decedent or, in the alternative, were despicable acts carried on with a willful and conscious disregard for the rights and safety of others, and subjected to Decedent to cruel and unjust hardship in a conscious disregard of Decedent's rights so as to justify an award of exemplary and punitive damages.

54. In conducting himself as alleged herein, Defendant ESBENSHADE was acting within the course and scope of his employment with Defendant CITY, thus the CITY is responsible for ESBENSHADE's actions.

## SIXTH CAUSE OF ACTION

**(Negligence -- Survival Action - AS 09.55.570)**

(*By plaintiff Kevin Stephens as the and personal representatives of the Estate of Kelly Stephens and as decedent's successor in interest, against Esbenshade and the City*)

55. Plaintiffs reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

56. At all times mentioned herein, Defendant ESBENSHADE owed Decedent a duty of care to avoid causing unnecessary physical harm and distress in the execution and enforcement of

the law.

57. In conducting himself as alleged herein, Defendant ESBENSHADE breached this duty of care.

58. As an actual and proximate result of Defendant ESBENSHADE's acts, as alleged herein, conducted without due care in the execution and enforcement of the law, Decedent suffered severe physical injury, extreme emotional and mental distress and other damages in an amount to be proven at trial and in excess of the jurisdictional amount required by this Court. As Decedent's successors in interest, the Estate is entitled to claim damages for all categories of loss allowed under AS 09.55.570.

59. In conducting himself as alleged herein, Defendant ESBENSHADE was acting within the course and scope of his employment with the Juneau Police Department and the CITY. Thus, the CITY is responsible for Defendant ESBENSHADE's actions.

## SEVENTH CAUSE OF ACTION

### (Wrongful Death -- AS. 09.55.580)

***(By plaintiff Kevin Stephens individually and as the and personal representatives of the Estate of Kelly Stephens and as decedent's successor in interest; and Virginia Stephens, against Esbenshade and the City)***

60. Plaintiffs reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

61. At all times mentioned herein, Defendant ESBENSHADE owed Decedent -- and Plaintiffs -- a duty of care to avoid causing unnecessary physical harm and distress in the execution and enforcement of the law.

62. In conducting himself as alleged herein, Defendant ESBENSHADE breached this duty of care.

63. As an actual and proximate result of Defendant ESBENSHADE's acts, as alleged herein, conducted without due care in the execution and enforcement of the law, Decedent was killed and Plaintiffs were deprived of the companionship and support of their son.

64. Under AS. 09.55.580, as an actual and proximate result of Defendant ESBENSHADE's acts, Plaintiffs suffered damages in all categories of loss allowed under AS 09.55.580 in an amount to be proven at trial.

65. In conducting himself as alleged herein, Defendant ESBENSHADE was acting within the course and scope of his employment with the Juneau Police Department. Thus, the CITY is responsible for Defendant ESBENSHADE's actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For damages in an amount to be proven at trial, including general damages, special damages and punitive damages;

2. For attorneys' fees, costs and interest, as allowed by law;

3. For injunctive relief regarding the Juneau Police Department's use of force investigation process, to wit, that it conform to proper practices as established by the evidence adduced at trial; and

4. For such other and further relief as the Court deems just and proper.

Dated this 1st day of July, 2020.

/S/ Ben Crittenden
750 W. 2nd Ave., Suite 200
Anchorage, Alaska 99501
(907) 771-9002
(907) 771-9001 fax
ben@crittendenlawoffice.com
Alaska Bar No. 0511098

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury in this case.

Dated this 1st day of July, 2020.

/S/ Ben Crittenden
750 W. 2nd Ave., Suite 200
Anchorage, Alaska 99501
(907) 771-9002
(907) 771-9001 fax
ben@crittendenlawoffice.com
Alaska Bar No. 0511098